122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael L. ALEXANDER, Plaintiff-Appellant,
v.
Larry KINCHELOE, Superintendent, Spring Creek Correctional;
Peggy Brockman, Employee of AK State Dept. of Corrections;
Charles Crandell, Warden of the Central Arizona Detention
Center; Sharon Starr, Sgt., Employee of the Central Arizona
Detention Center, Defendants-Appellees.
 No. 96-35970.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court for the District of Alaska James K. Singleton, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael L. Alexander, an Alaska state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging unconstitutional due process violations and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). We affirm.
 
 
 3
 After a de novo review of the district court record, we agree with the district court that Alexander failed to raise a genuine issue of material fact as to whether being placed in administrative segregation for nine days at the Central Arizona Detention Center and for about nineteen days at the Spring Creek Correctional Center amounted to an atypical or significant deprivation. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). Alexander also failed to raise a genuine issue of material fact as to whether his maximum-security reclassification amounted to an atypical or significant deprivation. See id. Finally, we agree with the district court that Alexander failed to create a genuine issue of material fact as to whether his placement in administrative segregation and transfer to Spring Creek was in retaliation for the exercise of his First Amendment rights. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).
 
 
 4
 We decline to consider Alexander's contention regarding the consent decree because it is raised for the first time on appeal. See Duggan v. Hobbs, 99 F.3d 307, 313 (9th Cir.1996).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Alexander's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal